
FILED
2014 Dec-01  PM 02:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY L. WHITE,    )
          )
    Petitioner,  )
          )
v.          )  2:14-cv-8039-LSC
          )  (7:07-cr-00448-LSC-HGD-1)
          )
UNITED STATES OF AMERICA,)
          )
    Respondent. )

MEMORANDUM OF OPINION

Petitioner, Gary L. White ("White"), has filed a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. He challenges the validity of his 2008 convictions and 2010 sentences for conspiracy and federal funds bribery.  For the following reasons, White's § 2255 motion is due to be denied.

I. FACTUAL AND PROCEDURAL BACKGROUND

White was indicted by a grand jury in the United States District Court for the Northern District of Alabama, Southern Division, on October 31, 2007, on two counts of conspiracy to commit bribery in violation of 18 U.S.C. § 371 (Counts 1 and 10) and nine counts of federal funds bribery in violation of 18 U.S.C. § 666(a) and (b) (Counts 2-9 and 11).  All of these counts were based on allegations that White, while serving as a Jefferson County Commissioner, accepted bribes from sewer companies that had

ongoing and prospective contracts with Jefferson County.  United States District Judge U.W. Clemon was assigned to the case.  On November 2, 2007, White entered a plea of not guilty to all counts in the indictment.

On November 20, 2007, White moved for a change of venue, asking the court to move the trial from the Southern Division of the Northern District of Alabama to the Western Division of the same district.  White argued that potential jurors in the Southern Division had an actual or perceived financial interest in the case and that an unbiased jury could not be seated in the Southern Division because the venire consisted mainly of Jefferson County residents, who would likely blame their increased sewer rate on him.  Instead of transferring the case to the Western Division, the court, *sua sponte*, moved the case to the United States District Court for the Middle District of Alabama.

A superseding indictment, adding a twelfth count for criminal forfeiture under 18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461(c), was issued on December 27, 2007. White again entered a not guilty plea on January 4, 2008.

White's criminal trial began on January 8, 2008, in Montgomery, before Judge Clemon.  After the conclusion of the Government's case, White moved for a judgment of acquittal on Counts 1-11. The court granted the motion as to Counts 10

and 11 and dismissed those counts on January 10, 2008.  White was found guilty of
Counts 1-9 on January 10, 2008.

Shortly after the verdict, White moved to vacate the judgment on the ground
that venue was improper, referencing his right to be tried within the district where the
crime was alleged to have been committed.  In an order filed February 8, 2008, the
court granted White's motion to vacate the judgment, ordered a new trial, and
reassigned the case to the undersigned judge in the Western Division of the United
States District Court for the Northern District of Alabama.

On February 12, 2008, the Government filed an interlocutory appeal with the
Eleventh Circuit Court of Appeals as to Judge Clemon's order vacating the judgment
and granting a new trial in a different division.  The Eleventh Circuit issued an order
staying the appeal on October 17, 2008, after White's counsel withdrew from
representation and did not file a brief.  On December 21, 2009, the Eleventh Circuit
reversed the district court's order vacating White's conviction and transferring the
case to a different district, and remanded the case to the district court for sentencing.
*United States v. White*, 590 F.3d 1210, 1213-15 (11th Cir. 2009).

On July 29, 2010, this Court sentenced White to 60 months imprisonment on
Count 1 and 120 months imprisonment on each of Counts 2-9, to be served

concurrently, for a total sentence of 120 months imprisonment.   White was also sentenced to 24 months supervised release; ordered to pay restitution in the amount of $22,000; and ordered forfeiture of the same amount.  Judgment was entered by this Court on August 3, 2010.

White appealed his conviction and sentence on August 5, 2010.  The Eleventh Circuit affirmed both on December 29, 2011.  *United States v. White*, 663 F.3d 1207 (11th Cir. 2011).  White's petition for certiorari was denied by the United States Supreme Court on November 26, 2012.  *White v. United States*, 133 S. Ct. 646 (2012).

On November 30, 2012, White filed two *pro se* motions in his criminal case, one styled " motion for recusal" and one styled " motion to extend time."  (Docs. 151 and 152 in 7:07-cr-00448-LSC-HGD-1.)  In his motion for recusal, White averred that he intended to " assert and expose wrongful and improper actions by this Court" and " impropriety of the Court's motives, interests, actions and every aspect of the Court's handling of [his] case."  He alleged generally that he would be filing civil actions in which the undersigned is expected to be a primary named defendant, after which recusal would be necessary.  However, White had not filed any such action at that time.  In his motion to extend time, White asked that the Court extend the time for him to raise " any and all issues, motions, pleadings and other actions,"  including

motions pursuant to 28 U.S.C. § 2241 or § 2255.  He stated that he intended to file a petition for rehearing from the Supreme Court's recent denial of his petition for certiorari, and he asked that he be given one year from the time the Supreme Court issues its final ruling on his petition for rehearing.  This Court denied those motions on December 6, 2012.  (Doc. 153 in 7:07-cr-00448-LSC-HGD-1.)  In the order, this Court advised White that by statute, he has one year following the date on which his judgment of conviction becomes final in which to file a motion for collateral relief pursuant to 28 U.S.C. § 2255, citing 28 U.S.C. § 2255(f).

Nearly a year later, on November 27, 2013, White filed another *pro se* " motion to extend time"  seeking an extension of 180 days " for raising any and all issues, motions, pleadings and other actions available to and/or by Gary White, including but not limited to 2255 and 2241 actions."  (Doc. 154 in 7:07-cr-00448-LSC-HGD-1.)  In the motion, White acknowledged that his right to move for collateral relief would expire " soon," but that he has been prevented from preparing his collateral attack due to abuse by prison personnel, transfers among prisons, and denial of access to legal materials.  The Government responded in opposition to the motion on December 3, 2013.  (Doc. 155 in 7:07-cr-00448-LSC-HGD-1.)  This Court denied the motion for additional time on December 10, 2013, advising White that the court could not extend

the time for a defendant to file a post-conviction challenge to a proceeding but that if White filed a § 2255 motion, he could argue therein that equitable tolling applied based on the allegations set out in his motion.  (Doc. 156 in 7:07-cr-00448-LSC-HGD-1.)

White filed the instant " Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and/or Correct Sentence and for Other Post-Conviction Relief" on June 26, 2014. (Doc. 155 in 7:07-cr-00448-LSC-HGD-1; Doc. 1 in 2:14-cv-8039-LSC.) White asserts several grounds for relief in a conclusory fashion, as discussed *infra*, and again seeks additional time " for leave to file after the statutory filing deadline, for broad leave to amend all his pleadings, and to stay proceedings to permit him to prepare and file his motion for disqualification of the judge assigned to his case."   The Government responded to the motion, arguing that it should be dismissed as untimely or in the alternative because it fails to state a claim upon which relief may be granted.  The Court issued an order to White, notifying him that the Court deemed his motion ripe for summary disposition and of his right to file affidavits or other materials to show why the motion should not be summarily denied on the basis of the response by the Government.  The only filing White has submitted in response to the Court's order is another motion for additional time in which to respond, again citing deprivation of

access to legal materials as justifying his failure to "prepare any pleadings whatsoever." (Doc. 5.) The Court denied that motion on August 13, 2014. (Doc. 6.)

## II.    DISCUSSION

### A.    White's § 2255 Motion is Due to be Dismissed as Untimely Filed

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts allows a court to dismiss summarily a habeas corpus petition when it plainly appears from the face of the petition and the prior proceedings in the case that the petitioner is not entitled to the relief he seeks. There is a one-year statute of limitations applicable to White's claims under 28 U.S.C. § 2255. That statute states, in pertinent part:

A 1-year period of limitation shall apply to a motion under this section.

The limitations period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"Pro se litigants, like all others, are deemed to know of the one-year statute of limitations" applicable to § 2255 motions. *See Outler v. United States*, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007).[1] Yet, White did not file his § 2255 motion until over a year had already elapsed since his conviction became final. If a criminal defendant loses his appeal and files a petition for writ of certiorari, his conviction becomes final, and the one-year period begins, on the date when the Supreme Court denies the petition or issues a ruling on the merits. *Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001). White's petition for writ of certiorari was denied on November 26, 2012. Thus, under § 2255(f)(1), he had until November 26, 2013, to file his motion for collateral relief.[2] White filed his motion on June 26, 2014, six months after the

---

[1] White was certainly aware of § 2255(f)'s one-year statute of limitations, as this Court advised him of it in an order issued on December 6, 2012, when the limitations period was still running and had not yet expired. *See* Doc. 153 in 7:07-cr-00448-LSC-HGD-1. Additionally, White indicated in a pleading filed on November 27, 2013, that the statute of limitations would expire "soon." *See* Doc. 154 in 7:07-cr-00448-LSC-HGD-1. In fact, it expired that day.

[2] The United States Supreme Court's docket sheet on White's direct appeal does not indicate that White ever filed a petition for a rehearing from the Supreme Court's denial of his petition for writ of certiorari. *See generally Gary White, Petitioner v. United States*, United States Supreme Court, No. 12-5119. In any event, the filing of any such petition would not have started the running of § 2255(f)(1)'s one-year statute of limitations any later. *See Drury v. United States*, 507 F.3d 1295, 1297 (11th Cir. 2007) (holding that the one-year statute of limitations for filing a

limitations period ended.  This was too late.[3]  Thus, unless White can establish that he is entitled to equitable tolling of the limitation period, his § 2255 motion is due to be summarily denied.

White recognizes that his petition is untimely, but requests that this Court "extend time, for leave to file after the statutory filing deadline, for broad leave to amend all his pleadings, and to stay proceedings to permit him to prepare and file his motion for disqualification of the judge assigned to this case."  (Doc. 1, at 2.)  "[I]n the proper case § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). But, equitable tolling is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id.* (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Williams v. United States*, 491 F.3d 1282, 1284 (11th Cir. 2007) (per curiam) (holding that "equitable tolling is available only if the petitioner establishes (1) extraordinary

___

petition under § 2255 begins to run when the Supreme Court denies the petition for certiorari and not subsequently when it denies the petition for rehearing on denial of certiorari.)

[3] White's two separate motions to extend time to file a § 2255 motion cannot be construed as § 2255 motions themselves because they did not contain allegations supporting a claim for relief.  At most, they alleged factual circumstances that White would later argue justified equitable tolling of the statute.

circumstances, and (2) due diligence"). It is an "extraordinary remedy which is sparingly applied." *Williams*, 491 U.S. at 1284-85. "To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). And, "[t]he burden of establishing entitlement to this extraordinary remedy rests with the petitioner." *Id.* White has failed to meet his burden.

In arguing why the limitations period does not bar his motion, White points to "being repeatedly moved from prison to prison" and "separated from his legal materials," resulting in "limited" and "sporadic" access to these materials. (Doc. 1 at 2, 4.) However, the Eleventh Circuit has rejected claims that transfers among prisons, and denial of access to a petitioner's legal papers and the law library, constitute extraordinary circumstances. *Dodd*, 365 F.3d at 1282-83 (rejecting equitable tolling argument based on transfer to a different facility and detention there for over 10 months without access to his legal papers); *see also United States v. Akins*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (rejecting equitable tolling argument based on lack of access to legal materials because of several months of lockdown and prison officials misplacing his legal papers for a period of time).

White has not demonstrated extraordinary circumstances nor has he presented

evidence of due diligence.   Indeed, the fact that White was able to file several pleadings with this Court while incarcerated and while the one-year statute of limitations was running indicates that White could have, but did not, use reasonable efforts to file his § 2255 motion within the designated time frame.   *See Helton v. Secretary for the Dep't of Corrections*, 259 F.3d 1310, 1312 (11th Cir. 2001) (denying equitable tolling in light of petitioner's failure to present necessary evidence of his own due diligence).   In essence, White offers no evidence to support his implicit claim for equitable tolling. His motion is untimely and thus due to be dismissed.

> B.   Alternatively, White's § 2255 Motion is Due to be Dismissed as it Fails to State a Claim Upon Which Relief May be Granted

Without any specificity, White asserts the following grounds for relief in his § 2255 motion:

1.   Ineffective assistance of counsel, including but not limited to undisclosed conflicts of interest, abandonment of White's case by retained counsel and attempted extortion of White by appointed counsel;

2.   Prosecutorial misconduct, including but not limited to suborning and proffering perjured testimony;

3.   Selective prosecution;

4.   Judicial error, misconduct and conflict of interest;

5.   Insufficiency of evidence of conviction;

6.      Grossly disproportionate sentence;

7.      Recent controlling ruling(s) that forfeiture may not be ordered by the judge absent jury findings;

8.      Recent controlling ruling(s) that enhancements may not be ordered by the judge absent jury findings . . . .

(Doc. 1 at 1.)  White also adds a catch-all provision: "Any and all such other grounds that exist or may exist." (Doc. 1 at 2.)  These are White's claims in their entirety (quoted exactly as he presents them). White does not detail his contentions or provide any underlying bases to support them; he provides no accompanying argument or factual assertions. Instead, after listing the non-specific claims, White simply states that "[t]he basic substance of White's [claims] for relief are detailed in the attached pleadings and exhibits." (Doc. 1 at 2.)  The attached pleadings and exhibits consist of over 200 pages of documents, which appear to largely consist of White's petition for certiorari before the Supreme Court and various other pleadings and exhibits that he filed in that forum.  White does not indicate what pleading relates to what claim, and the pleadings authored by White in his criminal case are primarily self-serving statements and unsupported conclusory allegations.

Moreover, with the exception of his ineffective assistance of counsel claim (ground 1), all of White's claims are procedurally barred as all of them are such as

would normally be the subject of a direct appeal. As explained by the Eleventh Circuit,

relief under 28 U.S.C. § 2255 will not be granted on those claims that could have been

raised by the petitioner during his direct appeal, as follows:

> Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. *See, e.g., United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (collecting cases).FN13 Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir.1994); FN14 and (2) "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.' " *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep.1981)). Accordingly, a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, *Frady*, 456 U.S. at 165, 102 S.Ct. at 1593, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice. *Stone v. Powell*, 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037, 3044 n. 10, 49 L.Ed.2d 1067 (1976).

> FN13. In *Frady*, the Supreme Court explained:

>> "When Congress enacted § 2255 in 1948, it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case, but it did not purport to modify the basic distinction between direct review and collateral review. It has, of course, long been settled that an error that may justify reversal on direct appeal will not necessarily

> support a collateral attack on a final judgment.
> The reasons for narrowly limiting the grounds
> for collateral attack on final judgments are
> well known and basic to our adversary system
> of justice."
>
> 456 U.S. at 165, 102 S.Ct. at 1593 (quoting *United States v.
> Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2239, 60
> L.Ed.2d 805 (1979) (footnotes omitted)).
>
> FN14. "A ground of error is usually 'available' on direct
> appeal when its merits can be reviewed without further
> factual development." *Mills*, 36 F.3d at 1055.

*Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004). Accordingly, even if

the errors White alleges were specific enough and sufficiently supported by facts such

that this Court could address their merits, and even if the errors were plain and would

have warranted reversal on direct appeal, they are not properly raised in this collateral

attack on White's judgment and sentence. Habeas relief is not warranted on these

claims.

With regard to White's ineffective assistance of counsel claim, other than

conclusory allegations, White provides no basis for the claim. It is well-settled that a

petitioner under § 2255 is not entitled to relief or even additional proceedings when

his claims are " 'merely conclusory allegations unsupported by specifics.' " *Brown v.*

*United States*, 720 F.3d 1316, 1335 n.3 (11th Cir. 2013) (quoting *Tejada v. Dugger*, 941

F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (conclusory allegation unsupported by any specific facts insufficient to state a constitutional claim). In other words, "[w]hen claims for habeas relief are based on unsupported generalizations, a hearing is not required." *Scott v. United States*, 598 F.2d 392, 393 (5th Cir. 1979).[4]

For these reasons, even if it were timely filed, White's motion does not state a claim upon which relief may be granted, and is thus due to be dismissed.

## III.   CONCLUSION

For the foregoing reasons, White's § 2255 motion will be denied and this action dismissed with prejudice.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right."  28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong,"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v.*

---

[4] *Bonner v. City of Pritchard*, 666 F.2d 1206, 1209 (11th Cir. 1987) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

*Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  This Court finds

White's claims do not satisfy either standard.

A separate order will be entered.

Done this 1ˢᵗ day of December 2014.

L. Scott Coogler
United States District Judge

[160704]